CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 23 2018

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERICA D. NORWOOD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 7:17cv00222 |
| v. ) | |
| ) | |
| OAK HILL ACADEMY, ) | By: Michael F. Urbanski |
| ) | Chief United States District Judge |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Pro se plaintiffs, Erica D. Norwood ("Norwood") and Elizabeth D. Tate ("Tate") (collectively, "Plaintiffs"), brought this civil action against defendant, Oak Hill Academy ("Oak Hill"). Plaintiffs claim a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq., breach of contract, and negligence. Pending before the court are Oak Hill's motion to dismiss, ECF No. 3, and motion for summary judgment, ECF No. 12. Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred both motions to United States Magistrate Judge Robert S. Ballou for a report and recommendation. ECF No. 7.

In his report and recommendation, the magistrate judge recommended that Oak Hill's motion for summary judgment be denied because Plaintiffs' claims are not barred by res judicata. R&R, ECF No. 16, at 18–19. The magistrate judge further recommended granting Oak Hill's motion to dismiss, specifically dismissing Plaintiffs' ADA claim (Count I) with prejudice; dismissing the breach of contract claim (Count II) without prejudice; and dismissing the negligence claim (Count III) with prejudice. Id. at 19. Plaintiffs filed

objections to the magistrate judge's report regarding the motion to dismiss, ECF No. 17, and Oak Hill responded to Plaintiffs' objections, ECF No. 19.

For the reasons set forth below, the court will **ADOPT** the magistrate judge's report and recommendation to the extent it is consistent with this opinion (ECF No. 16), **OVERRULE** Plaintiffs' objections (ECF No. 17), **GRANT** Oak Hill's motion to dismiss (ECF No. 3), and **DENY** Oak Hill's motion for summary judgment (ECF No. 12).

I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit Court of Appeals has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), cert. denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Techs., Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed.").

Further, objections that only repeat arguments raised before the magistrate judge are considered general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505], 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846 (first brackets in original). A plaintiff who reiterates his previously raised arguments will not be given "the second bite at the apple []he seeks." Id. Instead, his re-filed brief will be treated as a general objection, which has the same effect as a failure to object. Id.

## II.

Rule 12(b)(6) permits a dismissal when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

A court must construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to [a complaint's] legal conclusions." Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir. 1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Only after a claim is stated adequately may it then "be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

### A.

The magistrate judge recommends that the court dismiss Count I (the ADA claim) with prejudice because it is time barred and any attempt to amend the claim would be futile. See R&R, ECF No. 16, at 19. The magistrate judge also recommends that the court dismiss Count II (the breach of contract claim) without prejudice for failure to state a claim under Rule 12(b)(6). Id. at 12. Neither Plaintiffs nor Oak Hill object to the magistrate judge's

4

recommendation that the ADA claim is time barred. See generally Pls.' Obj. to Magistrate's Recommendation Dated Dec. 22, 2017; Def. Oak Hill Academy's Resp. in Opp'n to Pls.' Obj. to the Magistrate Judge's R&R. However, Plaintiffs contest the magistrate judge's recommendation to not exercise supplemental jurisdiction over the breach of contract claim because Oak Hill would not suffer prejudice from such jurisdiction, Oak Hill may receive preferential treatment in state court, Plaintiffs likely would not receive a fair trial in state court for lack of counsel, and a remand would increase Plaintiffs' travel expenses relating to this litigation. See Pls.' Obj. to Magistrate's Recommendation Dated Dec. 22, 2017, at 5–6.

The court finds no merit to this objection, based on the magistrate judge's provided rationale and because no federal claims remain in this action. As state law governs Count II, the court may only exercise its power either through diversity or supplemental jurisdiction. Diversity jurisdiction cannot be exercised because the alleged amount in controversy in this action does not exceed $75,000. See 28 U.S.C. § 1332 (requiring the civil action to be between citizens of different states and the amount in controversy to exceed $75,000); R&R, ECF No. 16, at 13 ("While diversity of citizenship exists here, the ad damnum clause for the breach of contract action is $25,672 . . . ."). Plaintiffs do not dispute the lack of diversity jurisdiction or claim that the value of their case exceeds $75,000.[1]

District courts may decline to exercise supplemental jurisdiction when they dismiss all claims over which they have original jurisdiction. See 28 U.S.C. § 1367; Arbaugh v. Y & H

---

[1] Although Plaintiffs allege that the value of the breach of contract claim is $25,672, they do not set a value for the negligence claim that also is at issue in their objections. Plaintiffs' complaint, as well as their briefing and objections, do not "contain[] enough 'factual content that allows the court to draw the reasonable inference' that the amount in controversy exceeds" $75,000, even if the negligence and breach of contract claims are aggregated. See Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 195 (4th Cir. 2017) (assessing amount in controversy in class action).

5

Corp., 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims."). In general, "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Id. (citing Carnegie–Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988); Growth Horizons, Inc. v. Delaware County, 983 F.2d 1277, 1284 (3d Cir. 1993)).

Here, the court dismisses the only federal claim in the case without objection by the parties. The court has the discretion to exercise supplemental jurisdiction over the state breach of contract claim. However, Plaintiffs' stated reasons in support of such exercise are not compelling. This court is confident that, should Plaintiffs file their claim in state court, the state court located in Grayson County is competent to handle any potential jury bias issues should the case go to trial. While the court is sympathetic to Plaintiffs' inability to employ counsel in Grayson and the surrounding counties, Plaintiffs are not limited to legal counsel in Grayson County and may hire legal counsel from anywhere so long as he or she is authorized to practice in Virginia. The court also does not find Plaintiffs' argument of increased travel expenses to be persuasive. Plaintiffs will need to travel cross country to litigate their action regardless of its filing in federal or state court.

The court notes that this is Plaintiffs' second action for negligence and breach of contract against Oak Hill Academy. See R&R, ECF No. 16, at 14–15. Although the court is mindful of the considerations of judicial economy for both this court and the state court, this breach of contract claim is better addressed by a state court given that Grayson Circuit Court already has been involved in the adjudication of these state claims. Plaintiffs' reasons for maintaining the suit in federal court are not persuasive. Plaintiff opted to file this breach of contract claim, or a similar version of this claim, in state court. Oak Hill should not have fairly expected to defend this breach of contract claim in federal court given these circumstances. The court shall not exercise its supplemental jurisdiction.

Therefore, the court will adopt the magistrate judge's recommendation and **DISMISS** Count I with prejudice and **DISMISS** Count II without prejudice.

**B.**

In their objections to the Report and Recommendation, Plaintiffs primarily argue that the magistrate judge erred in recommending the dismissal of Count III, their negligence claim, for failure to state a claim under Rule 12(b)(6). See Pls.' Obj. to Magistrate's Recommendation Dated Dec. 22, 2017, ECF No. 17, at 2–4. The magistrate judge recommended dismissing the negligence claim because Plaintiffs failed to adequately allege a breach of Oak Hill's in loco parentis duties and the intra-family immunity rule protected Oak Hill from liability. See R&R, ECF No. 16, at 13–14. Plaintiffs object to this recommendation on the grounds that (1) the magistrate judge failed to consider that a number of previously asserted allegations caused Norwood to experience episodic psychotic depression, and (2) the magistrate judge erroneously concluded that parental immunity shields Oak Hill from

negligence. See Pls.' Obj. to Magistrate's Recommendation Dated Dec. 22, 2017, ECF No. 17, at 2–4.

In Virginia, a negligence claim requires "(1) the identification of a legal duty of the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff proximately caused by the breach." Sanderson v. Boddie-Noell Enters., 172 F. App'x 17, 19 (4th Cir. 2006) (quoting Talley v. Danek Medical, Inc., 179 F.3d 154, 157 (4th Cir. 1999)) (internal quotation marks omitted). "The issue whether a legal duty in tort exists is a pure question of law." Kellermann v. McDonough, 278 Va. 478, 487, 684 S.E.2d 786, 790 (2009) (citing Yuzefovsky v. St. John's Wood Apartments, 540 S.E.2d 134, 139 (Va. 2001)).

A person stands "'in loco parentis when he puts himself in the situation of a lawful parent by assuming the obligations incident to the parental relation[ship]. . . .'" Webb v. McCullough, 828 F.2d 1151, 1156 (6th Cir. 1987) (quoting 59 Am. Jur. 2d Parent and Child § 75 (1987)); see also Gibbs v. United States, 80 F. Supp. 907, 911 (E.D.N.C. 1948) (explaining that the "generally accepted common law meaning [of in loco parentis] . . . embodies the two ideas of assuming the parental status and discharging the parental duties"); NPA v. WBA, 380 S.E.2d 178, 180-81 (Va. Ct. App. 1989) (finding the in loco parentis relationship is created when "one who knowingly and voluntarily assumes the role of parent to a child" and only lasts as long as "the relationship which gave rise to the rights and duties continues to exist"). Under Virginia law,

> [W]hen a parent relinquishes the supervision and care of a child to an adult who agrees to supervise and care for that child, the supervising adult must discharge that duty with reasonable care. However, such adult who agrees to supervise and care for a child upon the relinquishment of that care and supervision by the child's parent is not an insurer of the child's safety. Rather,

8

the supervising adult must discharge his or her duties as a reasonably prudent person would under similar circumstances." Kellermann, 278 Va. at 487, 684 S.E.2d at 790.

Here, Tate signed an admissions contract with Oak Hill that included a clause granting Oak Hill in loco parentis authority over Norwood. See Compl., ECF No. 1 at 3-4. Tate agreed to relinquish responsibility for the supervision and care of her minor child, Norwood, to Oak Hill, and Oak Hill knowingly assumed the obligations incidental to the parental relationship during the school year. Oak Hill thus maintained an in loco parentis relationship with Norwood during the school year and had a duty to act like a reasonably prudent person while supervising and caring for her.

Although a duty has been established, Plaintiffs still need to demonstrate that Oak Hill breached its duty to Norwood by acting unreasonably in order to sustain a negligence claim. In Virginia, "parents or persons standing in Loco parentis may administer such reasonable and timely punishment as may be necessary to correct faults in a growing child . . . ." Harbaugh v. Com., 209 Va. 695, 697–98, 167 S.E.2d 329, 332 (1969); see also Carpenter v. Com., 186 Va. 851, 861, 44 S.E.2d 419, 424 (1947) (stating that a "parent, or one standing in loco parentis, has the authority to administer chastisement or correction to his child"); Flippo v. Com., 122 Va. 854, 94 S.E. 771, 773 (1918) (finding that nonparent had right to discipline a child entrusted to his care if such discipline was reasonable and moderate). Oak Hill had the authority to reasonably discipline Norwood because it stood in loco parentis.

9

Plaintiffs allege that Oak Hill "engaged in a series of unfair adverse actions against [Norwood] with knowledge of her disabilities."[2] Compl., ECF No. 1, at 5. Oak Hill allegedly removed Norwood from Oak Hill's girls' soccer team as a disciplinary action for a minor infraction; objected to Tate's request to take Norwood to necessary medical appointments;[3] commented that Norwood was not pretty; ordered Norwood not to sit with basketball team members at dinner; forced Norwood to change clothes because she was dressed inappropriately; and refused to permit Norwood to opt out of her final exams in accordance with Oak Hill policy because she had poor attendance. Id. at 4-6. Plaintiffs further allege that Oak Hill's actions triggered Norwood's psychotic depression symptoms on two occasions. Id. at 4, 6.

These allegations do not allow the court to plausibly conclude that they were outside the bounds of what a reasonably prudent person in an in loco parentis relationship would do. Oak Hill is an institution designed to instill discipline on unmotivated students. See Compl., ECF No. 1, at 2. Oak Hill's alleged actions were disciplinary in nature. A review of Virginia case law does not show instances of non-corporal disciplinary actions being found unreasonable or amounting to negligence. Plaintiffs point to no case law suggesting that the actions taken by Oak Hill were unreasonable or that its actions did not qualify as disciplinary in nature.[4]

---

[2] Plaintiffs allege that Norwood suffered from Attention Deficit Disorder and episodic psychotic depression. See Compl., ECF No. 1, at 1.

[3] Plaintiffs never allege Oak Hill prevented Tate from taking Norwood to medical appointments.

[4] Given this failure to state a claim, the court makes no ruling as to the applicability of the inta-family immunity doctrine. Virginia follows the intra-family immunity doctrine, which prevents unemancipated, minor children from suing their parents for personal injuries caused by their parents' negligence. See Smith v. Kauffman, 183 S.E.2d 190, 192 (Va. 1971). The intra-family immunity doctrine has been extended to stepparents, as the "basis for the rule was that litigation by

While the court is inclined to agree with the magistrate judge that Plaintiffs currently have not pled sufficient facts to support a breach of Oak Hill's duty in loco parentis, the court again elects to not exercise its supplemental jurisdiction over this negligence claim and dismisses the claim without prejudice. The court recognizes that "[i]f the allegations in a complaint are legally sufficient to establish the existence of a duty, then a jury, upon consideration of the evidence, must determine whether the duty has been performed." Kellermann, 278 Va. at 487, 684 S.E.2d at 790 (citing Yuzefovsky, 261 Va. at 106, 540 S.E.2d at 139; Acme Markets, Inc. v. Remschel, 181 Va. 171, 178, 24 S.E.2d 430, 434 (1943)). Oak Hill had a duty in loco parentis to Norwood, and whether Plaintiffs' allegations show a breach of that duty is a fact-based question. The court finds that this state claim should be resolved by the state court that previously dealt with the negligence claim for the same reasons applicable to the breach of contract claim. The decision to exercise supplemental jurisdiction is within the court's discretion, and the court is not persuaded that exercising such jurisdiction would advance judicial economy or be fair given the state court's prior involvement with similar or identical claims involving Norwood.

---

a child against his parent would tend to disturb the peace and tranquility of the home or disrupt the family finances." Lyles v. Jackson, 223 S.E.2d 873, 874 (Va. 1976); see also Pavlick v. Pavlick, 254 Va. 176, 181, 491 S.E.2d 602, 604 (1997) (reviewing intra-family immunity case law and noting that "the rule is 'alive and well in Virginia,' . . . at least to the extent it still bars recovery by an unemancipated child against a parent for negligence in a non-automobile or non-business related situation"). However, Virginia case law does not clearly state whether the doctrine applies to schools acting in loco parentis, and the effect of a business relationship is uncertain. See, e.g., Norton v. United States, 581 F.2d 390, 398 n.2 (4th Cir. 1978) ("In Worrell [v. Worrell, 174 Va. 11, 11, 4 S.E.2d 343 (1939)], the court cited with approval cases from other states permitting recovery against employers of family members based on the members' negligence as employees even though intra-family immunities protected the employees from liability to their families."); Defenses to negligence—Immunities—Intrafamily tort immunity—Parent and child tort immunity, Va. Prac. Tort and Personal Injury Law § 3:58 ("It is less clear whether or not a grandparent or other person acting in loco parentis would come under the parent-child tort immunity doctrine. . . .").

Therefore, the court will adopt the magistrate judge's recommendation to the extent consistent with this opinion and **DISMISS** Count III without prejudice.

### III.

For the reasons stated above, Oak Hill's motion for summary judgment (ECF No. 12) will be **DENIED**, Oak Hill's motion to dismiss (ECF No. 3) will be **GRANTED**, the report and recommendation (ECF No. 16) will be **ADOPTED to the extent consistent with this opinion**, Plaintiffs' objections to the report (ECF No. 17) will be **OVERRULED**, and this matter will be **DISMISSED** and **STRICKEN** from the active docket of the court.

An appropriate Order will be entered this day.

Entered: 03-23-2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge